MOSES Y. BEACH *v.* JAMES RAYMOND, impleaded with ALVAH MANN.

Where an architect performs work and labor upon a building, on the joint employment of two persons, an action will lie against both jointly, although no partnership exists between them in either the land or building.

Such joint employment may be inferred from circumstances, as where both defendants have given directions as to the work, its character, and mode of execution; and when one of them denies his liability, his promises to pay certain bills relating to the construction of the building—the endorsement by him of notes therefor—his ownership of the land, and ultimately of the building—and uniting in the examination of the accounts of the architect and in settling the balance due, form sufficient evidence to sustain a judgment.

Where it appears, on appeal by a defendant from a judgment rendered against him on an account stated, that certain items have been improperly allowed, but that other items which were testified to are omitted; the appellate court has no right to set off the latter to the former, when no appeal is prosecuted by the plaintiff.

The consideration paid for the transfer of a cause of action is not material to the validity of the transfer.

A claim may be assigned by gift, without any consideration. (a)

To sustain an objection to the competency of the assignor of a claim as a witness, on the ground of interest, it must appear that the object of the assignment was not to effect an actual transfer of the claim, and that the suit is in fact brought for his benefit.

Where the objecting party examines the assignor, in chief, as to his interest in the claim, the denial by the latter of any interest therein, is conclusive.

In an action for materials furnished, a witness—where better testimony is not attainable—may state, from his recollection, (though not upon his mere opinion,) the amount delivered, although unable to mention the items.

The erroneous admission by a referee, of a leading question, is not a sufficient ground for setting aside his report, where the question is immaterial and the answer could in no way establish the claim of the party by whom the question is propounded.

The re-opening of the direct examination of a witness, although not in general advisable, is within the discretion of a court or referee, and constitutes no ground for reversing a judgment, unless manifest injustice has resulted therefrom.

THIS action was brought by the plaintiff, as assignee of John M. Trimble, an architect, for labor and materials furnished in the erection of the Broadway Theatre, New York. The case came up to the general term, upon the defendant Raymond's appeal from a judgment for $4,874 18 damages, and $644 91 costs, entered against both defendants, upon the report of E. C. BENEDICT, Esq., sole referee, by whom the cause was tried. The grounds of the appeal are stated and sufficiently illustrated, in the opinion of the court.

*Henry B. Cowles*, for the appellant.

*Mason S. Brewster*, for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—The plaintiff, as assignee of John M. Trimble, the architect and superintendent of the Broadway Theatre, seeks to recover from the defendants the balance due him for his services in the erection of the building. One of the defendants was the owner of the land and the other had the principal management and con-

---

(a) See *Clark* v. *Downing*, 1 E. D. Smith's Rep., 406.

trol in the superintendence and erection of the theatre. The defendants are sued as jointly liable, and the referee has found against both defendants. From this report of the referee the defendant, Raymond, now appeals.

Upon the hearing before the referee, no evidence was given of any partnership between the defendants. The referee based his decision solely upon the implied obligation which he supposed was to be inferred from the acts of the defendants, both before and after the commencement of the work, and which were continued down to and after the completion of the building.

Mann had contemplated the erection of a theatre, and while engaged in endeavoring to find a suitable location, he first had an interview with Trimble. Afterwards Raymond was introduced, and Trimble was authorized to see on what terms the land could be purchased, and afterwards both defendants directed Trimble to get up the plans, and repeatedly inspected and examined them while in progress, suggesting alterations, sending Trimble to Philadelphia to examine the theatres there, and giving other directions.

Both the defendants, at different times, gave directions as to the work, its character, and mode of execution. Raymond promised frequently to pay the bills, and on his promises work was undertaken. Notes were given for materials from time to time, drawn by Mann and endorsed by Raymond. Instructions were given to Trimble, by both defendants, that Raymond's name was to be kept back to be used only when necessary.

Various other facts of a similar character were given in evidence, tending to show a joint superintendence and control of the building, the work and every thing connected with its construction.

After the building was completed, Mann opened it for performances, but the building was claimed to belong to Raymond, and shortly afterwards a lease of the premises was given, by Raymond, to other persons.

Without more particularly stating the other parts of the

evidence bearing upon this point, it is enough to say, that the question was a simple question of fact, as to the persons by whom the plaintiff was employed.

It was not necessary that a partnership should have existed between them, either in the land or in the building, to render both liable. If Trimble did the work on their joint employment, it matters not to what use the building was to be applied, or to whom the building was to belong. If there was no partnership between them, that was only a circumstance to be considered by the referee; and if, notwithstanding the want of proof on that subject, the referee found the facts to be sufficient to warrant the conclusion that there was a joint employment by the defendants, the absence of proof of partnership is no ground for setting aside the report. It may be that their interests were different; that Mann, as the fact probably was, undertook the erection of the building under the promise that he was to have a lease after it was finished, out of the proceeds of which he was to refund the expenses of the building; but notwithstanding this, the general interference in the affairs of the erection of the building, the ownership of the land, the ordering of the work, the promises of payment of money on account from time to time, the endorsement of notes, and at last the actual ownership of the whole building, and leasing it to another person other than Mann, all furnished evidence upon which the referee might well have adopted the conclusion that Raymond, having a greater interest than Mann, was jointly interested, but was not generally to be known as the person for whom the building was to be erected. There is no pretence of any payment by him for or on account of the building, except the moneys advanced by him during its progress; and it would at least appear inequitable that an individual could thus have erected on his land a building exceeding in value $100,000, without showing any conveyance of such land for any period to another, and do the acts he did during the erection, without being held responsible as the owner.

True, there are other circumstances, proven on the part of

the defence, which, if the referee had found in favor of Raymond, might have been sufficient to sustain such a finding, but they are altogether insufficient to warrant us in setting aside the report on this ground.

The acts of either of the defendants, if sued alone, would have been sufficient to have rendered either of them liable for the work, and the uniting of them together as both liable, does not lessen the force of the testimony.

In addition to what has been stated, there is also in evidence the very significant fact, that, after the work was finished, both defendants united in examining the plaintiff's accounts, and settling the balance due to him at $3,990 71. There is some difficulty in Trimble's testimony as to the time of this settlement, and there are other matters in evidence, also, which may, to some extent, be considered as affecting the degree of credit to which he was entitled, but that was a question for the referee, with which we cannot interfere.

The evidence was sufficient to sustain the finding of the referee as to the liability of both defendants, and there is nothing in the case upon which we could say that such finding was erroneous.

An objection was taken to the admission of Trimble as a witness, upon the ground of his interest. To make out such an interest he was examined, and testified that he sold the claim to the plaintiff for $1,000, and had no interest therein. The consideration paid for such a transfer is not material to its validity. A man having a claim against another may give it away, and without any consideration, the assignment would be valid. The party objecting must make it appear that the object was not to transfer the claim, but to bring the suit for the benefit of the assignors. No such fact and no interest in the claim in Trimble is made to appear in his testimony. Where a party sees fit to examine the witness as to his interest in the claim, he must be concluded by the result of such examination, and if the witness fully denies such interest, the court should consider such statement as conclusive against the party objecting to the witness.

*Beach v. Raymond.*

Several exceptions were taken as to the ruling of the referee, in the examination of the witnesses.

The witness, Hood, was asked to state the amount of goods sent for to the shop and used at the theatre, when he did not know the items. Although of a very slight character, as testimony, still, if no better testimony was to be had, I suppose any knowledge of the witness, however imperfect, may be received ; his mere opinion, without any recollection, would be improper.

The question, "Did you ever have any intimation from any body that Raymond's connection with the theatre had ceased ?" was objected to as being leading, immaterial and hearsay evidence. It was clearly leading, and ought not to have been admitted. But it was also very immaterial, and the answer to it could in no way establish the plaintiff's claim. Although it was objectionable on the first ground, still as no injury could have resulted from it, I do not think we should, on that ground, set aside the report.

The evidence, as to the conversation between Trimble and the defendants, on the ground of the theatre, in reference to timber, was properly admitted, although it formed no part of the testimony as to any item claimed against the defendants. It was proper, as bearing upon the main question involved in the case—the liability of Raymond in the action.

The right to open a direct examination of a witness after it was closed, is involved in other questions put and objected to. Although such a course is not generally advisable, still it is a matter of discretion on the part of the court or referee upon the trial, and which an appellate court will not interfere with, unless some injury shall appear to have resulted from it. It often happens upon the trial, that the re-examination becomes necessary for the purposes of justice, and the propriety of such examinations must be left to the officer who presides at the trial, whose opportunities of deciding upon the proper course are much better than those of the appellate court  There was nothing in the objection taken

to the questions concerning the heading of the bill presented to Mann, calling for the interference of this court on that account.

The referee has allowed to the plaintiff the bills, amounting to $487 73. These were furnished in February and March, 1848, after the theatre was opened. The testimony shows that it was finished in September, 1847, when it was first opened, while their expenditures were increased for the Clay Ball, held there in March following.

There is no evidence in the case showing the defendant, Raymond, to have been concerned in the managing of the theatre; on the contrary, the evidence of Houghton is positive that he had nothing to do with it when it opened, and Trimble states that No. 18 was for getting up the ball room. These items are improperly allowed.

The receipt for $100, December 31, 1847, was not credited by Trimble, nor was it deducted by the referee. No explanation is offered why the defendants were not credited with it; and in the absence of explanation, we think it should be deducted from the plaintiff's claim.

The same remark applies to the item of $100, paid by Mann on account of Newbould & Russell's bill, credited in the account of moneys received by Mann.

The item of $100, paid Crane, should have been allowed. The evidence before us does not show that this item was the same as that allowed for the 30th July, to Smith & Crane, in making up the account; and we cannot, therefore, see why its allowance was not proper. The one is as properly a charge as the other.

The plaintiff's counsel, in answer to these alleged errors, suggest, that there were other items due to the plaintiff, which were omitted in the report of the referee, and which are testified to, amounting to $400 and upwards, and which would be sufficient to counterbalance these errors against the defendants. We are not reviewing any errors against the plaintiff. The appeal is for errors affecting the defendants, and when it appears that there have been credits improperly

omitted, to the injury of the defendants, or amounts errone-
ously charged to them, it is the duty of the court to correct
them; but an appellate court has no right to set off against
such sums other items improperly omitted on the other side.
To do so, would be charging the defendants with moneys,
and giving a judgment against them for the amount to which
they have no opportunity to object, and a review of which,
before this court, they would be deprived of. If the plain-
tiff wishes to claim for these items, he must do so before the
referee, unless he elects to take judgment for the balance of
the claim allowed him, after deducting the items above
stated, amounting to $787 75.

The report should be set aside, and referred back to the
referee, the testimony to stand in the case, and the referee to
receive such other testimony as the parties may offer, costs to
abide the event, unless the plaintiff, in ten days, serves a writ-
ten consent to deduct, from the amount of the judgment,
$787 75, with interest from 1st April, 1848, to the day the
judgment was entered. In which case, the judgment is
affirmed for the balance, namely, $4,086 43.

Ordered accordingly.